IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MEREDITH WILLIAMS, § § § *Plaintiff,* § § Vs. § § CITY OF AUSTIN and JOHN DOE, § § § Defendants. § | Civil No. 1:22-CV-42 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Meredith Williams brings this 42 U.S.C. § 1983 case against the City of Austin and Austin Police Department Officer John Doe for the brutal and excessive force they inflicted on her as she was attending a peaceful protest against police brutality.

### I. PARTIES

1. Plaintiff Meredith Williams is a resident of Travis County, Texas.

2. Defendant City of Austin, is a municipality that operates the Austin Police Department and may be served through its City Clerk at 301 W. 2nd Street, Austin, TX 78701. The City's policymaker for policing matters is Police Chief Brian Manley. Service is hereby requested at this time.

3. Defendant Austin Police Department Officer John Doe is a pseudonym for a police officer with the Austin Police Department, and he is sued in his individual capacity for compensatory and punitive damages. After identification, he can be served with process at 715 E. 8th Street, Austin, Texas, 78701. At all relevant times, APD Officer John Doe was acting under color of law as an Austin Police Department officer. Austin Police Department Chief of Police,

1

Brian Manley, is his ultimate supervisor, and the City's policy maker for law enforcement issues.

## II.   JURISDICTION AND VENUE

4. This Court has both general personal jurisdiction, specific personal jurisdiction and subject matter jurisdiction over all Defendants. Jurisdiction is proper over this 42 U.S.C. §1983 lawsuit pursuant to 28 U.S.C. § 1331.  The court has specific personal jurisdiction over defendant APD Officer John Doe because he resides and works in the State of Texas. The court has subject matter jurisdiction because defendant City of Austin is a Texas municipality. The court has specific personal jurisdiction over both defendants as the torts occurred in the State of Texas.

5. Venue is proper in Travis County, Texas pursuant to 28 U.S.C. § 1331, as all or a substantial amount of the events or omissions giving rise to Plaintiff's claims occurred in Austin, Texas, Western District of Texas.

6. Accordingly, this Court has jurisdiction over the controversy and venue is proper in Travis County, Texas.

## III.   BACKGROUND

7. Following the police killings of George Floyd in Minneapolis and Mike Ramos in Austin, demonstrators in the Austin area organized protests against police brutality outside the headquarters of the Austin Police Department on May 30, 2020 and on May 31, 2020.

8. On May 30, 2020, Ms. Williams attended a peaceful protest near Austin Police Department headquarters. Ms. Williams was standing on an embankment on the east side of IH-35, when suddenly, APD officers began shooting beanbag shotgun rounds into the assembled crowd. Upon information and belief, this shooting was under the direct approval from APD senior leaders, including Chief of Police Manley

9. Ms. Williams was directly hit by one of the beanbags on her left foot, which caused significant injuries. Due to the chaos that defendants caused, it took time before Ms. Williams was able to make her way to the volunteer medical tent. Ms. Williams was transported to an emergency center for the injuries caused by defendants' actions. Ms. Williams suffered, and continues to suffer, serious personal injuries as a result of defendants' actions during the peaceful protest of police brutality.

### IV.   CAUSES OF ACTION

10. Ms. Williams realleges and incorporate by reference the preceding paragraphs for all purposes, the same as if set forth herein verbatim.

**A.   Fourth and Fourteenth Amendment of Excessive Force Against Defendant APD Officer John Doe**

11. APD Officer John Doe, while acting under color of law, used excessive force on Meredith Williams when she posed no danger to anyone, and was cooperating with the police.

12. APD Officer John Doe's use of force was wholly excessive to any conceivable need, objectively unreasonable in light of clearly established law, and directly caused Plaintiff to suffer serious injuries. Therefore, APD Officer John Doe violated Ms. Williams's clearly established Fourth Amendment right to be free from excessive force and unreasonable seizure.

13. Each of the foregoing acts or omissions of defendant APD Officer John Doe were the proximate cause of the above-referenced occurrence and Ms. Williams's injuries and damages.

14. Ms. Williams brings this claim pursuant to § 42 U.S.C. 1983.

**B.   First Amendment Retaliation Against Defendant APD Officer John Doe**

15. The First Amendment's protections for free speech and assembly prohibit agents of the government from subjecting an individual, like Ms. Williams, to retaliation for engaging in protected speech rights.

16. Ms. Williams exercised her free speech and assembly rights by attending the demonstration against police violence.

17. Upon information and belief, APD Officer John Doe's use of force against Plaintiff was substantially motivated by his and APD's disagreement with the content of Plaintiff's speech. Upon information and belief, APD Officer John Doe shot Ms. Williams with the beanbag shotgun because APD Officer John Doe and APD disagreed with Ms. Williams' right to assemble and/or his protected speech.

18. Ms. Williams brings this claim pursuant to § 42 U.S.C. 1983.

## C. First, Fourth, and Fourteenth Amendment § 1983 Monell Claim Against Defendant City of Austin

19. The City of Austin, had the following policies, practices, or customs in place when defendant APD Officer John Doe shot and injured Ms. Williams:

   i. Shooting kinetic projectiles into crowds where innocent people could be injured;

   ii. Using, authorizing, and/or tolerating excessive force against non-violent protestors;

   iii. Failing to adequately train officers concerning de-escalation of force, crowd control, use of force against non-violent protestors, and the use of kinetic projectiles and the dangers associated therein;

   iv. Failing to train officers regarding demonstrators' free speech and assembly rights;

   v. Failing to train or instruct officers about specific incidents it considers unreasonable, excessive force, or in violation of the Constitution;

   vi. Failing to adequately discipline officers;

   vii. Failing to adequately supervise officers; and

   viii. Not intervening to stop constitutional violations, including excessive force.

20. Each of the policies, practices, or customs delineated above was actually known, constructively known and/or ratified by City of Austin and its policymaker for law enforcement purposes, Chief of Police, Brian Manley, and was promulgated with deliberate indifference to Ms.

Williams' First, Fourth and Fourteenth Amendment rights under the United States Constitution. Moreover, the known and obvious consequence of these policies, practices, or customs was that Austin Police Department officers would be placed in recurring situations in which the constitutional violations described within this complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here, all of which were under color of law, would result.

21. Consequently, the policies and conduct delineated above were a moving force of Plaintiff's constitutional deprivations and injuries, and proximately caused severe damages.

22. Further, upon information and belief, APD supervisors, including Chief Manley, reviewed APD Officer John Doe's conduct with regard to Ms. Williams, found no problems, and took no action to discipline APD Officer John Doe or any APD leaders who authorized the excessive force. APD and Manley approved his conduct and the basis for it. Thus, APD and Manley ratified APD Officer John Doe's actions.

23. Chief Manley and his subordinate leadership, also violated Plaintiff's constitutional rights, by failing to supervise APD officers on scene, including but not limited to Doe, by authorizing the aforementioned reckless tactics, including using excessive force, which caused the violation of Ms. Williams' constitutional rights. Manley knew of and was deliberately indifferent to the known and obvious consequences of these policies, practices, and customs he authorized, and encouraged. Rather than correcting or putting an end to them, Manley knowingly placed individuals at a substantial risk of serious harm. Moreover, it was apparent and obvious that constitutional violations were the highly predictable consequence of the City's above delineated policies.

24. Manley also knew or should have known that training his officers to fire beanbag shotgun rounds at peaceful protesters and from unsafe distances, was particularly dangerous, and

was a particular omission in the APD's training program that would cause APD officers to violate the constitutional rights of members of the public they encountered. Though Manley knew of these obvious deficiencies, he chose to operate this dangerously flawed training program throughout the May 30, 2020 and May 31, 2020 protests.

25. As such, the City is also liable directly for its policymakers' misconduct and failure to adequately supervise, train, and stop APD officers from excessive force and violating protestors' first amendment rights, which was a proximate cause of Ms. Williams' deprivation of rights and injuries.

26. Ms. Williams brings this claim pursuant to § 42 U.S.C. 1983.

**D.     Exemplary Damages**

27. One or more of the above-mentioned acts and omissions of Defendants were of such character as to make Defendants liable for exemplary damages. Defendants' acts were intentional, willful, wanton, grossly negligent, and showed maliciousness or evil intent. Defendants' acts of negligence when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of the Ms. Williams. The gross negligence of Defendants were a proximate cause of the collision, and of the injuries and damages suffered by the Plaintiff. As a result of Defendants' gross negligence, Ms. Williams seeks and is entitled to an award of exemplary damages.

## V.     DAMAGES

28. Defendants' negligent and grossly negligent acts or omissions proximately caused injuries to Plaintiff which resulted in the following damages:

   i.     Medical care expenses sustained in the past;

ii. Medical care expenses that, in reasonable probability, Ms. Williams will suffer in the future;

iii. Physical pain and mental anguish sustained in the past;

iv. Physical pain and mental anguish that, in reasonable probability, Ms. Williams will suffer in the future;

v. Lost wages incurred in the past;

vi. Loss of earning capacity that, in reasonable probability, Ms. Williams will sustain in the future;

vii. Physical impairment in the past;

viii. Physical impairment that, in reasonable probability, Ms. Williams will sustain in the future;

ix. Disfigurement;

x. Exemplary damages; and,

xi. All other damages available to the Ms. Williams under Texas Law.

## VI.   INTEREST

29. Ms. Williams would show that she is entitled to recover interest for all elements of damages recovered for which the law provides for pre-judgment interest. Ms. Williams is also entitled to post-judgment interest at the lawful and legal rate.

## VII.   JURY DEMAND

30. Ms. Williams hereby respectfully demands a trial by jury and herewith tender the appropriate fee to the Clerk of the Court.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Meredith Williams prays that Defendants be cited to appear and answer, and that on final trial, that she has judgment against Defendants for an amount within the jurisdictional limits of the Court for actual and exemplary damages, together with prejudgment and post judgment interest as provided by law, costs of court,

reasonable attorney's fees, and for such other and further relief to which Ms. Williams is justly entitled.

Dated:  January 18, 2022

Respectfully submitted,

HOWRY, BREEN & HERMAN, LLP

_____
Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
1900 Pearl Street
Austin, Texas 78705
Tel. (512) 474-7300 Telephone
Fax (512) 474-8557 Facsimile

*Attorney for plaintiff Meredith Williams*